**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TPR. SHAWN S. MEENAN and BRENDALEE MEENAN, | |
| Plaintiffs, | CIVIL ACTION NO. 3:03-CV-1300 |
| v. | (JUDGE CAPUTO) |
| CARL M. HARRISON, JR., DAVID SIST, ROBERT SEBASTIANELLI, JOHN RICE, THOMAS TRAISTER, KATHLEEN SERAFIN and ROBERT J. FOOSE, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Motion for Summary Judgment of Defendant, Kathleen Serafin (Doc. 46) and Commonwealth Defendants' Motion for Summary Judgment (Doc. 50). For the reasons set forth below, the Court will grant both motions. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff Shawn S. Meenan is a Pennsylvania State Trooper and Plaintiff Brendalee Meenan is his wife. At the relevant time, Plaintiffs' minor children attended Monsignor McHugh Elementary School. Plaintiffs submitted evidence that in approximately fall of 2002, they met with officials at Monsignor McHugh Elementary School to discuss information they had received about misconduct of a teacher employed by the school. (Doc. 25, ¶ 14.) Plaintiffs further submitted evidence that their child's teacher exhibited violent behavior and required students to massage her shoulders. (Doc. 25, ¶¶ 16, 17.)

1

Plaintiffs contacted the Department of Education, the Diocese of Scranton, Monroe County Children and Youth Services as well as Defendant Kathleen Serafin, the principal at Monsignor McHugh Elementary School.  (Doc. 25, ¶¶ 20, 23, 24, 29.)

Plaintiffs subsequently initiated a criminal investigation into the alleged teacher misconduct.  (Doc. 25, ¶ 26.)  After the Pennsylvania State Police conducted an investigation into the alleged teacher misconduct, Plaintiffs were told that there was insufficient evidence to bring criminal charges against the teacher.  (Doc. 25, ¶ 27.)  As a result, Plaintiffs engaged in what they characterize as constructive criticism of the investigation.  (Doc. 25, ¶ 28.)  Plaintiffs wrote to numerous parties within the Pennsylvania State Police and engaged in further correspondence with the Diocese of Scranton.  (Doc. 25, ¶ 29.)  Plaintiff Shawn Meenan also spoke with a television reporter about his concerns regarding the investigation into the allegations of teacher misconduct at Monsignor McHugh Elementary School.  (Doc. 25, ¶ 34.)

Plaintiffs argue that as a result of their efforts in initiating a public dialogue about the alleged teacher misconduct and ensuing investigation, Defendant Serafin conspired with Defendants Trooper Daniel Sist, Trooper John Rice, and Trooper Robert Sebastianilli to shift the focus of the investigation away from the conduct of the teacher at Monsignor McHugh Elementary School and towards Plaintiff Shawn Meenan.  (Doc. 25, ¶ 32.)  Plaintiffs further argue Defendants Sist, Rice, Sebastianilli and Serafin sought to quiet Plaintiff Shawn Meenan through the Pennsylvania State Police disciplinary process in retaliation for Plaintiffs speaking out about the alleged teacher misconduct.  (Doc. 25, ¶ 32.)  Plaintiffs also argue that Plaintiff Shawn Meenan was singled out for retaliation by Defendants Trooper Robert Foose, Trooper Thomas Traister, Trooper Carl Harrison, and

Trooper Daniel Sist.  (Doc. 25, ¶ 33.)  Defendants submitted evidence that Defendant Sist initiated an internal investigation into Plaintiff Shawn Meenan's conduct after parents complained that they were being harassed by Plaintiff.  (Doc. 51, ¶¶ 34-36.)

Plaintiffs also argue that as a result of their speaking out, Defendant Harrison suspended Plaintiff Shawn Meenan without pay, Defendant Sist lodged baseless complaints against Plaintiff Shawn Meenan and Defendants Foose and Traister engaged in a course of conduct that was both harassing and intimidating towards Plaintiff Shawn Meenan.  (Doc. 25, ¶ 36.).  Defendants submitted evidence that Plaintiff Shawn Meenan was recommended for discipline by Lieutenant Stacy J. Schmidt for interfering with the investigation into the alleged teacher misconduct, and that Defendant Harrison's sole role was to determine the appropriate level of discipline.  (Doc. 51, ¶¶ 55-59.)  Further, Defendants submitted evidence that the actions taken by Defendants Sist, Foose and Traister were not related to Plaintiff Shawn Meenan's speaking out.  (Doc. 51, ¶¶ 37, 68-86.)

Plaintiffs originally instituted this action on August 4, 2003, arguing that as a result of the alleged retaliatory conduct by Defendants, Plaintiffs were deprived of the rights afforded to them by the First and Fourteenth Amendments of the United States Constitution.  Plaintiffs subsequently filed the Second Amended Complaint (Doc. 25) which, for the first time, asserted claims against Defendants Serafin, Rice, Traister, and Sebastianelli.  On May 2, 2005, Defendant Serafin filed a Motion for Summary Judgment (Doc. 46).  That same day, the remaining Defendants filed the Commonwealth Defendants' Motion for Summary Judgment (Doc. 50).  These motions are fully briefed and ripe for disposition.

**LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most

favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

**1.     Section 1983**

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

*Id.*

Two elements must be present in order to state a § 1983 claim: (1) the conduct complained of must have deprived Plaintiffs of rights, privileges and immunities secured by the Constitution or laws of the United States; and (2) the conduct must have been committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993). For the

following reasons, I find that Plaintiffs have failed to submit evidence demonstrating a violation of their constitutional rights.

### a.     Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment prohibits government interference with family relationships unless the government adheres to the requirements of procedural and substantive due process. *See Croft v. Westmoreland County Children & Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997).

Plaintiffs assert that the alleged retaliation of Shawn Meenan's employers was intended to affect Plaintiffs' exercise of their parental rights and, thus, violates Plaintiffs' Fourteenth Amendment due process rights. I disagree. Plaintiff has offered no evidence that Defendants' conduct related to or interfered with Plaintiffs' familial relationships. As such, Defendants' motion for summary judgment will be granted with regard to Plaintiffs' Fourteenth Amendment claims.

### b.     First Amendment - Retaliation

#### i.     Brendalee Meenan

Defendants first argue that Plaintiff Brendalee Meenan cannot raise claims of retaliation in violation of her First Amendment rights, as she was never employed by the Pennsylvania State Police. Plaintiffs' argue that Defendants' alleged retaliatory actions involving Shawn Meenan also affected his wife, Brendalee Meenan. This is an insufficient basis on which to allege a violation of Brendalee Meenan's First Amendment rights. Brendalee Meenan was not employed by Defendants and, therefore, she cannot state a claim for retaliation against them. Defendants' motion for summary judgment will

be granted with regard to Brendalee Meenan's remaining claims.

### ii.     Shawn Meenan

"A public employee's claim of retaliation for engaging in a protected activity is analyzed under a three-step process." *Baldassare v. New Jersey,* 250 F.3d 188, 194 (3d Cir. 2001).  First, a plaintiff must demonstrate that the activity in question was protected. *Id.*  Second,  a plaintiff must show that the protected activity was a substantial or motivating factor in the alleged adverse action taken against him.  *Id.*  Finally, a defendant may rebut a plaintiff's retaliation claims by demonstrating that the adverse action would have been taken against the plaintiff, even in the absence of the protected activity.  *Id.*

### (1)     Speech

Plaintiff alleges that Defendants Harrison, Sist, Rice and Sebastianelli retaliated against him for speaking to the news media about the incident at his son's school and his dissatisfaction with Sebastianelli's investigation.  (SMF 9-11, 50, 51, 53.)  Defendants argue that Plaintiff's speech was not a protected activity and that Plaintiff has failed to submit evidence showing that the protected activity was a substantial or motivating factor in the alleged adverse action taken against him.  Plaintiff's speech is a protected activity under the First Amendment, however, I agree with Defendants that Plaintiff has failed to submit evidence showing that the protected activity was a substantial or motivating factor in the alleged retaliatory actions taken against Plaintiff.

### (a)     Retaliatory Action

In a First Amendment retaliation case, a plaintiff must show that the protected

activity was a substantial or motivating factor in the alleged retaliatory action.  It is sufficient if a plaintiff establishes that the exercise of his First Amendment rights played some substantial role in the relevant decision; a plaintiff need not establish that the retaliation was motivated solely or even primarily by the protected activity.  *Katzenmoyer v. City of Reading*, No. CIV.A 00-5574, 2001 WL 1132374, at *2 (E.D. Pa. Sept. 21, 2001).

To determine whether an employer's acts constitute retaliation, a court must decide whether the alleged acts of harassment are likely to deter a person of ordinary firmness from the exercise of his First Amendment rights.  *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000).  Courts have required that the nature of the retaliatory acts committed by a public employer be more than *de minimis* or trivial.  *Brennan*, 350 F.3d at 399.  "[C]ourts have declined to find that an employer's actions have adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands of the plaintiff."  *Id.*  However, a plaintiff may be able to establish liability under § 1983 based upon a continuing course of conduct even though some or all of the conduct complained of would be *de minimis* by itself or if viewed in isolation.  *Id.* at 419 n.16.

### (i)     Defendant Harrison

Plaintiff argues that Defendant Harrison retaliated against him by assessing him a penalty of forty (40) days suspension without pay, following Plaintiff's reports of dissatisfaction to the news media.  Defendants argue that Plaintiff has provided no evidence to suggest his report to the media was a substantial or motivating factor in

8

Defendant Harrison's decision to assign a penalty of forty (40) days suspension.  I agree.

Defendant Harrison was responsible for determining the *level* of discipline applicable to Plaintiff, following a determination by Lieutenant Schmidt that discipline was an appropriate response to Plaintiff's behavior.  (Doc. 51, ¶ 58.)  Plaintiff has failed to submit any evidence suggesting that Defendant Harrison's assessment of the degree of penalty applicable was related to Plaintiff's protected activities.  Viewing the evidence in the light most favorable to Plaintiff, no reasonable juror could determine that Plaintiff's protected activity was a substantial or motivating factor in Defendant Harrison's actions. Plaintiffs have not submitted any evidence which demonstrates the existence of a genuine issue of material fact with regard to the actions of Defendant Harrison. Therefore, I will grant Defendants' motion with respect to Plaintiff's remaining claims against Defendant Harrison.

### (ii)     Sist

Plaintiff argues that Defendant Sist retaliated against him by initiating an internal investigation into Plaintiff's conduct because Plaintiff spoke to the news media. Defendants argue that Plaintiff has failed to submit evidence suggesting that Plaintiff's protected activity was a substantial or motivating factor in Defendant Sist's actions.  I agree.  Namely, Plaintiff acknowledges that he contacted "Newswatch 16 *after* he was told by Sergeant Flynn that he was being investigated."  (Doc. 65, ¶ 49) (emphasis added).  Viewing the evidence in the light most favorable to the Plaintiff, no reasonable juror could conclude that Plaintiff's interview with the media was a substantial or motivating factor in Defendant Sist's initiation of the internal investigation that began prior to Plaintiff's interview.  Therefore, I will grant Defendants' motion with regard to Plaintiff's

remaining claims against Defendant Sist.

### (iii) Rice & Sebastainelli

Plaintiff contends that Defendants Rice, Sist and Sebastainelli conspired to shift the focus of the investigation toward Plaintiff. (Doc. 25, ¶ 32.) As discussed above, Plaintiff has failed to submit evidence suggesting that Defendant Sist took retaliatory action against Plaintiff. Further, Plaintiff has failed to submit any evidence suggesting that Defendants Rice or Sebastainelli took retaliatory action against Plaintiff, and Plaintiffs have submitted no evidence of a conspiracy. As such, I will grant Defendants' motion with regard to Plaintiff's remaining claims against Defendants Rice and Sebastainelli.

### (2) Federal Lawsuit

Plaintiff asserts that Defendants Traister and Foose retaliated against him for filing his federal lawsuit. Defendants acknowledge that filing a federal lawsuit is a protected activity, but argue that Plaintiff has failed to submit evidence demonstrating that they retaliated against him. I agree.

### (a) Retaliatory Action

As discussed previously, to determine whether an employer's acts constitute retaliation, a court must decide whether the alleged acts of harassment are likely to deter a person of ordinary firmness from the exercise of his First Amendment rights. *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000). Courts have required that the nature of the retaliatory acts committed by a public employer be more than *de minimis* or trivial. *Brennan*, 350 F.3d at 399. "[C]ourts have declined to find that an employer's actions

have adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands of the plaintiff." *Id.*  However, a plaintiff may be able to establish liability under § 1983 based upon a continuing course of conduct even though some or all of the conduct complained of would be *de minimis* by itself or if viewed in isolation.  *Id.* at 419 n.16.

### (i)     Foose

Plaintiff contends that Defendant Foose retaliated against him for filing his federal lawsuit by pulling a callbox to test Plaintiff's response time.  (Doc. 25, ¶ 40-45.)  Defendants acknowledge that Foose pulled the callbox, but argue that Foose's behavior is not retaliation within the meaning of the First Amendment.  I agree.  Defendant Foose's actions do not rise to the level of conduct prohibited under the First Amendment.  *See Brennan*, 350 F.3d at 399*.*  Further, Plaintiff has failed to submit evidence suggesting that Defendant Foose's conduct related to Plaintiff's protected activity.  Therefore, I will grant Defendants' motion with regard to Plaintiff's remaining claims against Defendants Foose.

### (ii)     Traister

Plaintiff also claims that Defendant Traister retaliated against him for filing his federal lawsuit by participated in a conspiracy to retaliate against Plaintiff.  However, Plaintiff has failed to submit evidence suggesting that Defendant Traister took retaliatory action toward him.  Further, Plaintiff has failed to submit evidence from which a reasonable person could believe that a conspiracy or concerted action existed amongst the Defendants.  As such, I will grant Defendants' motion with regard to Plaintiff's claims against Defendant Traister.

**2.      Defendant Kathleen Serafin**

As discussed previously, Plaintiffs have failed to submit evidence demonstrating a violation of their constitutional rights.  As such, Plaintiffs' claims against Defendant Kathleen Serafin for conspiracy are moot.  Therefore, I will also grant Defendant Serafin's motion for summary judgment.

## CONCLUSION

Plaintiffs have failed to submit evidence demonstrating a violation of their constitutional rights.  As such, I will grant both the Motion for Summary Judgment of Defendant, Kathleen Serafin (Doc. 46) and Commonwealth Defendants' Motion for Summary Judgment (Doc. 50).

An appropriate Order will follow.


 April 4, 2006                                                                /s/ A. Richard Caputo
Date                                                                               A. Richard Caputo
                                                                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TPR. SHAWN S. MEENAN and BRENDALEE MEENAN, | CIVIL ACTION NO. 3:03-CV-1300 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| CARL M. HARRISON, JR., DAVID SIST, ROBERT SEBASTIANELLI, JOHN RICE, THOMAS TRAISTER, KATHLEEN SERAFIN and ROBERT J. FOOSE, | |
| Defendants. | |

## **ORDER**

**NOW**, this ___4th___ day of April, 2006, **IT IS HEREBY ORDERED** that:

(1) Motion for Summary Judgment of Defendant, Kathleen Serafin (Doc. 46) is **GRANTED**.

(2) Commonwealth Defendants' Motion for Summary Judgment (Doc. 50) is **GRANTED**.

(3) The Clerk of Court shall mark this case **CLOSED**.


    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge